IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WOODROW RAYMOND NOVAK, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:19-CV-190 |
| RONNY W. THOMAS, *et al*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Woodrow Raymond Novak, Jr., an inmate currently confined at the Gib Lewis Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Ronny W. Thomas, William Jerry, Chelsea Duff, Victor White, and Helen Sheffield.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff's Motion for Default Judgment

Currently pending is Plaintiff's Motion for Default Judgment against Defendants William Jerry and Helen Sheffield (doc. # 85). Plaintiff argues the summons and complaint were served on the Defendants at the Polk County Jail on August 2, 2022. This assertion is in error.

On August 2, 2022, the undersigned entered an Order for Defendants Sheffield and Jerry to answer by way of written consent of the Texas Attorney General's Office (doc. # 60). This Order was in error as the Defendants are or were employed with the Polk County Jail and not the Texas Department of Criminal Justice. The written consent with the Texas Attorney General's

Office only applies to defendants who were employed with the Texas Department of Criminal Justice.

In light of this error, the Order was withdrawn (doc. # 70) and another Order was entered August 16, 2022, requiring the United States Marshal to serve process upon the Defendants (doc. # 71). The summonses were returned unexecuted on September 6, 2022 (doc. #s 74 & 75). Because the summonses were sent certified mail return receipt, the undersigned instructed the Clerk of Court to reissue summons and the United States Marshal to serve process upon the Defendants personally (doc. # 76). Those summonses were also returned unexecuted on September 13, 2022, with the notation that neither Defendant works at the Polk County Jail (doc. #s 80 & 81). The record does not reflect that proper service has been made as to Defendants Sheffield and Jerry.

## Analysis

Federal Rule of Civil Procedure 55 authorizes the entry of default against a party whom a judgment for affirmative relief is sought when such party fails to plead, or otherwise respond, to the action.

A default judgment is a discretionary remedy. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). "When an application is made to the court . . . for the entry of a judgment by default, [the court] is required to exercise [its] 'sound judicial discretion' in determining whether the judgment should be entered. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2685. In making its determination, the court is free to consider any number of factors that may appear from the record. The entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations. *E.F. Hutton & Co. v. Moffat*, 460 F.2d 284, 285 (5th Cir. 1972); *see also Effjohn*, 346 F.3d at 563 (emphasizing that defaults are not favored

and any doubts should be resolved in favor of the defendant). It is only appropriate where there has been a clear record of delay or contumacious conduct. *Moffat*, 460 F.2d at 285.

The record does not reflect that proper service has been made as to Defendants Helen Sheffield and William Jerry. There is simply no basis on the record to justify entry of a default judgment.

## Recommendation

Plaintiff's Motion for Default Judgment (doc. # 85) should be denied.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 6th day of October, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE