IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WOODROW RAYMOND NOVAK | § | |
| VS. | § | CIVIL ACTION NO. 9:19-CV-190 |
| ANGELLE MARIA SESSUM, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Woodrow Raymond Novak, Jr., an inmate currently confined at the Gib Lewis Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Ronny W. Thomas, Chelsea Duff, and Victor White.[1]

The above-styled action was referred to the undersigned magistrate judge, pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural Background

On April 5, 2021, Plaintiff filed a Motion for Leave to Amend and a proposed Amended Complaint (doc. #s 27 & 28) which was granted on November 19, 2021 (doc. # 33). On March 16, 2022, the undersigned entered an order asking Plaintiff to replead (doc. # 37) to which he responded on March 31, 2022 (doc. # 39). Defendants were ordered to answer on April 28, 2022, and summonses were issued the following day (doc. #s 40 & 41). Defendants Duff, Thomas and White filed their Answer on May 27, 2022 (doc. # 46). Currently pending is their Motion for Summary

---

[1] Numerous attempts to serve Defendants William Jerry and Helen Sheffield have been unsuccessful. On November 1, 2022, the undersigned ordered counsel for Defendants Thomas, Duff and White to provide the last known addresses for Defendants Jerry and Sheffield, under seal. Counsel provided the addresses and summonses were issued on November 22, 2022, for the United States Marshal to serve Defendants Jerry and Sheffield personally.

Judgment for failure to exhaust administrative remedies and, alternatively, on the merits (doc. #s 78 & 79). Plaintiff filed a Response on September 22, 2022 (doc. # 83) and Defendants filed a Sur-Reply on September 29, 2022 (doc. # 84). This Report and Recommendation considers the Motions for Summary Judgment, the Response and Reply thereto.

## Factual Background

Plaintiff's complaint surrounds events that occurred during his arrest and later detention at the Polk County Jail.

Plaintiff complains that "police officer" Ronny W. Thomas ("Defendant Thomas") failed to inventory his personal belongings, particularly money, that was seized during his arrest. Plaintiff states Defendant Thomas failed to follow policy and the law and alleges that Defendant Thomas stole Plaintiff's money. While Plaintiff refers to Defendant Thomas as officer Thomas, it would appear from the motion for summary judgment that Defendant Thomas is employed as a deputy with the Polk County Sheriff's Office. Amended Complaint, pg. 2 (doc. # 27).

As to Defendant Chelsea Duff ("Defendant Duff"), Plaintiff alleges she conspired to retaliate against him. Plaintiff states, she "used her authority in an attempt to cause other inmates to target the plaintiff. Ms. Duff also wrote bogus disciplinary case [sic] against Plaintiff stating that she had previously wrote Plaintiff up for the offense a number of times as for which the statement of the defendant Ms. Duff is false statement and no disciplinary case other than that one she wrote and that was false as well and in the form of retaliation conspiring with other defendants in this action." Amended Complaint, pg. 8 (doc. # 27).

Plaintiff next alleges Detective Victor White ("Defendant White") failed to investigate his concerns regarding Angelle Maria Sessum and failed to process his sworn statements against Thomas and Sheffield. Plaintiff alleges Defendant White discriminated against him as an inmate and acted in a conspiracy with Defendant Thomas to "cover-up" their wrongdoings. Amended Complaint, pg. 10 (doc. # 27).

On March 17, 2022, the undersigned entered an Order to Replead (doc. # 37). Plaintiff confirmed the following in response to the Order to Replead:

1. Each Defendant is sued in his individual and official capacity with the exception of Sheffield. Sheffield was a nurse at Polk County Jail and Plaintiff is unsure if she was employed by Polk County or was a contracted employee.

2. During the altercation with Defendant Thomas, Plaintiff was arrested for unlawful restraint and assault on Angelle Marie Sessum. Plaintiff was convicted of unlawful restraint as a result of a plea bargain agreement. Plaintiff was out on parole when the altercation occurred. The plea bargain for unlawful restraint has not been overturned. The property confiscated during the arrest was Plaintiff's wallet, driver's licence, clothes, shoes, and money.

***

7. Defendant Duff retaliated against Plaintiff for things he said during the book-in process and through his written complaints by trying to get other inmates in Tank 231 to inflict harm on Plaintiff. Defendant Duff wrote a false disciplinary complaint against Plaintiff for inappropriate sexual gestures towards her. Defendant Duff continued to write cases against Plaintiff in retaliation, "due to Plaintiff's experience with officials at Polk County Jail."

***

9. Defendant White refused to make a report against Defendants Thomas and Sheffield after Plaintiff provided a voluntary sworn statement. Defendant White retaliated against Plaintiff by failing to investigate these issues. Defendant White discriminated against Plaintiff, because he was an inmate.

Standard of Review

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986);

*Williams v. Adams*, 836 F.2d 958, 960 (5th cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. *Celotex*, 477 U.S. at 322-23; *ContiCommodity Servs., Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).  Furthermore, there must be adequate proof in the record showing a real controversy regarding material facts.  "Conclusory allegations," unsubstantiated assertions, or the presence of a "scintilla of evidence" is not enough to create a real controversy regarding material facts.  *See, e.g. Lujan*, 497 U.S. at 902;  *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir. 1994).  In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Analysis

*Exhaustion*

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The exhaustion requirement applies to both pretrial detainees and convicted prisoners.  *Kingsley v. Hendrickson*, 576 U.S. 389, 402 (2015).  The procedural rules that must be

followed in order to exhaust a claim are defined by the specific prison's grievance process, not by the PLRA. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. *Gates v. Cook*, 376 F.3d 323, 329 (5th Cir. 2004). Exhaustion is mandatory and requires that the available administrative remedy must be pursued to its conclusion. *Id*. Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a mandatory precondition to bringing suit in federal court. *Gonzalez v. Seal*, 702 F.3d 785, 787-88 (5th Cir. 2012). If the prisoner did not exhaust his administrative remedies, the suit must be dismissed. *Id*. at 788. Because exhaustion is an affirmative defense, inmates are not required to plead or demonstrate exhaustion in their complaints. *Jones*, 549 U.S. at 215.

Defendants move for summary judgment for failure to exhaust administrative remedies. While Defendants White and Thomas are employees of Polk County as deputies and/or detectives, they do not appear to be employees at the Polk County Jail. Thus, any attempt by Plaintiff to use the Polk County Jail grievance process to exhaust his administrative remedies against them for their roles as deputies and/or detectives is improper. Any motion for summary judgment on that basis is, similarly, improper. And, while Defendant Duff moves for summary judgment for failure to exhaust administrative remedies as a Polk County Jail employee, summary judgment for failure to exhaust administrative remedies should also be denied. Since the inception of this case, Plaintiff has alleged that Defendant Jerry, who was the grievance coordinator, interfered in the grievance process by failing to forward Plaintiff the responses to his step 1 grievance. Plaintiff states that because he never had any indication his step 1 grievances were received and addressed, he had no opportunity to appeal. To be clear, the summary judgment evidence provided by Defendants does not conclusively show that Plaintiff, in fact, ever received the responses to his step 1 grievances.

5

Furthermore, the inmate grievance procedures provided to Plaintiff in the handbook fail to outline what Plaintiff must do to properly exhaust if he never receives a response to his step 1 grievance. Defendants motion for summary judgment for failure to exhaust administrative remedies should be denied.

*Merits*

    1. *Polk County Sheriff's Deputy Ronny Thomas*

Defendant Thomas moves for summary judgment, arguing Plaintiff's claims against him are *Heck*-barred. The Supreme Court in *Heck v. Humphrey* barred any § 1983 claim that effectively attacks the validity of a conviction or imprisonment until the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 487 (1994). Thus, the key inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." *Id.* Here, a judgment in favor of Plaintiff regarding his complaints that Thomas stole his money would not imply the invalidity of his conviction for unlawful restraint. Plaintiff's claims against Thomas are not *Heck*-barred and summary judgment for this reason should be denied.[2]

Plaintiff's claims against Defendant Thomas should be dismissed, however, on the merits, as alternatively argued by Defendants on summary judgment. In essence, Plaintiff alleges Defendant Thomas failed to log his property upon his arrest and stole his property, specifically the money Plaintiff was carrying. Plaintiff thus appears to raise a constitutional claim for loss of property without due process of law against Defendant Thomas. However, deprivations of property by prison officials, even when intentional, do not violate the due process clause so long as an adequate post-deprivation remedy exists. *See generally, Hudson v. Palmer*, 468 U.S. 517 (1984); *Simmons v.*

---

[2] To the extent Plaintiff asserts his arrest by Defendant Thomas was unlawful, any such claim would be barred by *Heck*. While the court acknowledges Plaintiffs' pleadings are at times, hard to discern, Plaintiff has consistently alleged Defendant Thomas failed to log his property post-arrest and intentionally stole his property. These claims are not *Heck*-barred.

6

*Poppell*, 837 F.2d 1243 (5th Cir. 1988); *Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984). The adequate post-deprivation remedy analysis is not applicable, however, if the deprivation of property results from "established state procedure, rather than random and unauthorized action." *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982). Plaintiff does not allege the purported theft was from an established state procedure. A claimant must either take advantage of the available post-deprivation remedies or show that the available remedies are inadequate. *Hudson*, 468 U.S. at 534-35. Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. *See, e.g., Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); *Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995); *Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App.— San Antonio 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with the owner's rights); *Myers v. Adams*, 728 S.W.2d 771, 772 (Tex. 1987). Because Texas law provides an adequate post-deprivation remedy, such as the tort action for conversion against individual defendants, Plaintiff's loss of property claim does not state a violation of the Due Process Clause. *See Hudson*, 468 U.S. at 536; *see also Washington v. Collier*, 747 F. App'x 221, 222-23 (5th Cir. Aug. 24, 2018) (the state of Texas afforded prisoner adequate post-deprivation remedy for confiscation of funds from his inmate trust fund account and District Court's dismissal as frivolous was proper). Defendant Thomas' motion for summary judgment on the merits should be granted.

  2. *Polk County Jail Officer Chelsea Duff*

Plaintiff appears to allege Defendant Duff violated his constitutional rights by making verbal threats to have other inmates assault Plaintiff, filing false disciplinary reports against him, and conspiring to retaliate against Plaintiff.

As to Plaintiff's first claim, while Plaintiff alleges he was subject to physical jeopardy by Defendant Duff's threats, he does not allege he was ever actually assaulted by another inmate. Furthermore, "mere threatening language and gestures of a custodial office[r] do not, even if true,

7

amount to a constitutional violation." *McFadden v. Lucas*, 713 F.2d 143, 246 (5th Cir. 1983). Unless the prisoner has suffered some physical injury, allegations of threats, verbal abuse, and harassment are insufficient to state a claim under § 1983. *See Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("[V]erbal abuse by a prison guard does not give rise to a cause of action under § 1983"); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (verbal abuse is insufficient to serve as the legal basis of a civil rights action).

Regarding Plaintiff's claim that Defendant Duff filed false disciplinary reports against him, any such claim must also fail. First, there is no freestanding constitutional right to be free from false disciplinary charges. *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). Moreover, the competent summary judgment evidence establishes Plaintiff was given all the procedural safeguards with respect to the disciplinary action. Motion for Summary Judgment, Ex. A, Bates Stamp 00951-00954; 01218. Notably, Plaintiff does not allege he was denied due process, nor is there any indication in the record he has challenged the disciplinary conviction through a writ of habeas corpus and that it has been overturned.

Finally, as to Plaintiff's claim that Defendant Duff conspired to retaliate against him, Plaintiff's claim fails. In order to state a claim of retaliation, Plaintiff must allege:

> (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.1998). The inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.) *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997). Mere conclusionary allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995). "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Id*. (citation omitted). Further, if the inmate is unable to point to a specific constitutional right that has been violated, the claim will fail. *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir.1996) (dismissing an inmate's claim for failure to demonstrate a violation of a constitutional right); *Woods*, 60 F.3d at 1166 (stating "[t]o state a claim, an inmate must allege the violation of a specific constitutional right").

*Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Here, Plaintiff alleges only that it is his personal belief that Defendant Duff retaliated against him for things he said during the book-in

process and for filing grievances. Although less than clear, the undersigned presumes Plaintiff alleges Defendant Duff retaliated by making verbal threats and by filing a false disciplinary report against him. While Plaintiff has a right to file grievances without being harassed or retaliated against for doing so, Plaintiff has yet to put forth facts or evidence that demonstrate the acts he complains of would not have occurred absent Defendant Duff's retaliatory motive. Furthermore, as previously stated, Plaintiff concedes he was not harmed by the verbal threats and he does not allege he was denied due process in challenging the disciplinary conviction.

Plaintiff's claim of conspiracy fairs no better. To support a claim for conspiracy, Plaintiff must show that the defendants had "an agreement to commit an illegal act which resulted in the plaintiff's injury." *Hay v. City of Irving, Tex.*, 893 F.2d 796, 799 (5th Cir. 1990). In addition, the Fifth Circuit has held that under § 1983, a conspiracy claim requires "an actual deprivation of a constitutional right; a conspiracy to deprive is insufficient." *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984). Plaintiff has failed to allege an actual agreement among specific defendants to deprive him of a specific constitutionally protected right. *See Cardenas v. Young*, 655 F. App'x 183, 186-87 (5th Cir. 2016) (noting that plaintiff did not allege that the defendants expressly made an agreement to violate his constitutional rights, only that two defendants ordered that he be placed in segregation and that other defendants were in agreement to deny him equal protection and due process) (citing *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989) ); *Richie v. Wharton County Sheriff Dept. Star Team*, 513 F. App'x 382, 385 (5th Cir. 2013) (noting the failure to allege facts suggesting an agreement to commit illegal acts) (citing *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999)); *Bowen v. Quarterman*, 339 F. App'x 479, 482 (5th Cir. 2009) (finding that allegations that it was reasonable to believe that the defendants were part of a conspiracy, without any facts that tended to show an agreement between them, were insufficient to state a viable conspiracy claim) (citing *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986)). Defendant Duff's motion for summary judgment on the merits should be granted.

### 3. *Polk County Deputy Victor White*

Plaintiff next alleges Defendant White failed to investigate his concerns regarding Angelle Maria Sessum and failed to process his sworn statements against Thomas and Sheffield. Plaintiff states Defendant White retaliated against Plaintiff by failing to investigate these issues, and discriminated against him as an inmate. Finally, Plaintiff contends Defendant White acted in a conspiracy with Defendant Thomas to "cover-up" their wrongdoings. All of Plaintiff's claims fail.

First, Plaintiff does not "have a legally cognizable interest in whether," or how, Sessum, White and/or Sheffield were investigated. *Cates v. City of Waller*, No. H-22-118, 2022 WL 1156144, *6 (S.D. Tex. 2022) (quoting *James v. Willis*, No. 21-501, 2022 WL 481812, at *2 (2d Cir. Feb. 17, 2022) and *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")); *see also Allen v. Simon*, No. 4:20-CV106-JMV, 2022 WL 374804, at *4-5 (N.D. Miss. Feb. 7. 2022) (plaintiff does not have a federally protected liberty interest in having an inmate assault investigated to his satisfaction) (comparing *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (per curiam) (prisoner did not have liberty interest protected by Due Process in having grievance regarding mishandling and loss of his mail investigated to his satisfaction)); *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996) (police chief was not individually liable, under § 1983, to claimant raped by police officer based on police chief's failure to investigate rape, which did not state a separate constitutional violation); *Burchett v. Self*, 30 F.3d 133, 1994 WL 276865, *2 (6th Cir. 1994) (not designated for publication) (failure to investigate does not raise a constitutional claim); *Scher v. Chief Postal Inspector*, 973 F.2d 682, 683-84 (8th Cir. 1992) (inmates failed to state a *Bivens* claim based on refusal of post office employees to investigate complaint regarding prison administrators' handling of their mail); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (lack of police investigation, by itself, was not a deprivation of a constitutional right); *Malloy v. City of New York*, 1996 WL 648927, *2 (S.D. N.Y. Nov. 7, 1996) (not designated for publication) (there is no constitutional right to an investigation or arrest of an individual who has committed an assault upon

a prisoner - unless the omission or inadequacy of the investigation itself resulted in a deprivation of a constitutional right, such as equal protection of the law).

Plaintiff's allegation of discrimination is conclusory and also fails. To properly allege discrimination or an equal protection violation, Plaintiff must allege that he was treated differently from other similarly-situated detainees, and that such unequal treatment stemmed from discriminatory intent, as is required for a viable equal-protection discrimination claim. *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004) (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)). "To establish discriminatory intent, a plaintiff must show that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Id*. (quoting *Taylor*, 257 F.3d at 473). Plaintiff, here, offers no specific facts to support a claim of discrimination; he does not specify what specific group he belongs to that was singled out and what the disparate treatment was. *Id*. at 420 ("Allegations [of discriminatory intent] that are merely conclusory, without reference to specific facts, will not suffice").

As to Plaintiff's claim of retaliation and conspiracy, they too fail for the reasons outlined above. As previously stated, Plaintiff has no constitutional right to have his complaints investigated to his satisfaction. Furthermore, the court is hard-pressed to find that the failure to investigate claims against third parties, itself, is a retaliatory action. Finally, Plaintiff offers nothing more than his personal belief that Defendant White retaliated against. *Jones,* 188 F.3d at 325. With respect to conspiracy, Plaintiff offers no specific facts alleging that Defendant White and Thomas had an actual agreement to deprive Plaintiff of any specific constitutionally protected right. *Cardenas,* 655 F. App'x at 186-87. Defendant White's motion for summary judgment on the merits should be granted.

## Recommendation

Defendants' Motion for Summary Judgment for failure to exhaust administrative remedies should be denied, but granted as to the merits.

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 28th day of November, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE