IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WOODROW RAYMOND NOVAK | § | |
| VS. | § | CIVIL ACTION NO. 9:19-CV-190 |
| ANGELLE MARIA SESSUM, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Woodrow Raymond Novak, Jr., an inmate currently confined at the Gib Lewis Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Helen Sheffield and William Jerry.[1]

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

This complaint was filed on October 22, 2019 (doc. # 1). After conducting screening and opportunities to amend, the undersigned ordered the Clerk of Court to issue process and for the United States Marshal's Office to serve process upon the Defendants at the address provided by Plaintiff (doc. # 40). Summonses were issued on April 29, 2022, and were returned unexecuted as to Defendants Sheffield and Jerry on May 19, 2022 and May 31, 2022, respectively (doc. #s 45 & 47). On June 6, 2022, the undersigned ordered Plaintiff to provide updated addresses for Defendants

---

[1] Defendants Ronny W. Thomas, Chelsea Duff, and Victor White have all appeared and filed a Motion for Summary Judgment which is currently pending.

Sheffield and Jerry (doc. # 48). Plaintiff sought a stay, which this court liberally construed as a motion for extension of time, and granted the motion, giving Plaintiff an additional thirty (30) days to find an alternate address (doc. #s 51 & 53). In addition, as the previous attempt at service was done through certified mail return receipt, the undersigned ordered the United States Marshal's Office to serve the Defendants at that same address, but personally, on August 16, 2022 (doc. # 71). These summonses were returned unexecuted on September 13, 2022, with the notation that neither Defendant was employed with the Polk County Jail at this time (doc. #s 80 & 81).

Despite the previous extension, Plaintiff still failed to provide an updated address for Defendants Jerry and Sheffield. Plaintiff instead sought a subpoena duces tecum and third party requests for production to obtain the addresses for Defendants Jerry and Sheffield, which this court subsequently denied (doc. #s 55, 57 & 88). The undersigned, on November 1, 2022, then ordered counsel for the appearing Defendants to provide a last known address for Defendants Sheffield and Jerry, if known, within 20 days (doc. # 88). Counsel complied and provided the addresses, under seal, on November 18, 2022 (doc. # 92). The undersigned ordered the United States Marshal's Office to serve Defendants Sheffield and Jerry personally at the addresses provided under seal (doc. # 93). These summonses were returned unexecuted on December 1, 2022, with the notation that neither Defendant lived at the residences provided (doc. #s 96 & 97).

As to Defendants Helen Sheffield and William Jerry, it has been more than 90 days since Plaintiff filed his original complaint. This court has made several attempts to assist Plaintiff in serving these Defendants. As a result, the claims against Defendants Helen Sheffield and William Jerry should be dismissed pursuant to Federal Rule of Civil Procedure 4(m), which states the following:

> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

This dismissal is mandatory absent a showing of good cause. *McDonald v. United States*, 898 F.2d 466, 468 (5th Cir. 1990). Plaintiff has failed to show good cause for failure to serve the Defendants and the claims against them, therefore, should be dismissed.

## Recommendation

Plaintiff's claims against Defendants Helen Sheffield and William Jerry should be dismissed without prejudice for failure to serve within 90 days pursuant to Federal Rule of Civil Procedure 4(m).

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

      **SIGNED this the 2nd day of December, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE